IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CENTER FOR EXCELLENCE ) <br> IN SURGICAL ASSISTING INC. , ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMUNITY COLLEGE DISTRICT 502, ) <br> COLLEGE OF DUPAGE, DR. THOMAS ) <br> CAMERON, DR. KAREN M. SOLT, and ) <br> KATHY CABAI, ) <br> ) <br> Defendants, ) | Case No. 15 CV 7290 <br><br> Judge Gary Feinerman |

## AMENDED JOINT INITIAL STATUS REPORT

Plaintiff American Center For Excellence In Surgical Assisting Inc. (collectively, "ACE") along with Defendants Community College District 502 (the "District"), and College Of Dupage ("COD"), (collectively, "Defendants") provide the following Amended Initial Status Report as follows:

A.  **Nature of the Case**

   1.  **Attorneys of record:**

   For Plaintiff American Center For Excellence.

   Michael J. Davis
   BKN Murray
   6795 E. Tennessee Ave, Suite 330
   Denver, Colorado 80224

   For Defendants Community College District 502, College of DuPage, Dr. Thomas Cameron, Dr. Karen M. Solt and Dr. Kathy Cabai.

   Daniel V. Kinsella(lead counsel)
   Margaret M. Fitzsimmons
   Thomas G. Draths
   Schuyler, Roche & Crishman, P.C.
   Two Prudential Plaza,
   180 North Stetson Ave., Suite 3700
   Chicago, IL 60601

2. **Basis for federal jurisdiction.**

   Plaintiff alleges that this Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. No Plaintiff is a citizen of the same state as any Defendant.

   Plaintiff alleges that this Court has personal jurisdiction over Defendant pursuant to ILCS 5/2-209, because Defendant has transacted business within Illinois and entered into contracts substantially connected to Illinois, including the contract that is the subject of this lawsuit. Defendant denies that it entered into any contract with Plaintiff, including the alleged contract that is the subject of this lawsuit.

3. **Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.**

   The Complaint includes (2) claims for relief, with the following amount of damages sought :

   Count I (Breach of Contract – College of DuPage (2 years lost profits, costs spent on implementing Program, costs and fees for case)

   Count IV (Misappropriation of Trade Secrets –College of DuPage ) (restrain and enjoin Defendants, determination that actual or threatened acts violated 765 ILCS 1065/1 and were willful and malicious)

4. **Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.**

   Defendants currently have a pending Motion to Dismiss. and will answer the complaint upon final order of Court resolving the Motion to Dismiss. Pursuant to the Court's indication that the Counts as to all other Defendants besides Community College District 502, College of DuPage will be dismissed, Plaintiff has indicated that he is dismissing defendants Dr. Thomas Cameron, Dr. Karen M. Solt, and Kathy Cabai.

5. **Principal legal and factual issues.**

   The major legal and factual issues include: whether the Plaintiff and College of DuPage entered into a contract, and if so, whether the College of DuPage breached that contact; whether Plaintiff provided College of DuPage with valuable proprietary information that constitutes a trade secret pursuant to the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq., and if so, whether the College of DuPage violated 765 ILCS 1065/1 et seq.;

      **6.**     **Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.**

      All Defendants have been served with the Complaint.

**B.**     <u>**Proceedings to Date**</u>

      **1.**     **Summary of all substantive rulings (including discovery rulings) to date.**

      None.

      **2.**     **Description of all pending motions, including date of filing and briefing schedule.**

      Defendants' Motion to Dismiss which the Court has indicated they will deny as to the contract and ITSA claims.

**C.**     <u>**Discovery and Case Plan**</u>

      **1.**     **Summary of discovery, formal and informal, that has already occurred.**

      None.

      **2.**     **Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.**

      Yes; The parties shall handle the discovery of ESI consistent with all controlling local law, and furthermore by agreement where ever possible.

      **3.**     **Proposed scheduling order.**

        **a.**     **Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.**

      April 29, 2016.

        **b.**     **Deadline for issuing written discovery requests.**

      June 20, 2016.

        **c.**     **Deadline for completing fact discovery.**

      December 30, 2016.

    **d.    Whether discovery should proceed in phases.**

First phase written to be followed by oral discovery.

    **e.    Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.**

Expert discovery is likely to be necessary in this matter.

Plaintiff's deadline to submit any Rule 26(a)(2) disclosure: February 17, 2017
Deadline to complete deposition(s) of Plaintiff's disclosed expert(s): March 31, 2017
Deadline for Defendants to submit Rule 26(a)(2)disclosures: May 12, 2017;
Deadline to complete deposition(s) of Defendants' Rule 26(a)(2) disclosure(s): June 16, 2017.

    **f.    Deadline for amending the pleadings and bringing in other parties.**

May 29, 2016

    **g.    Deadline for filing dispositive motions.**

Deadline is 30 days after all discovery is completed.

**4.    Whether there has been a jury demand.**

No.

**5.    Estimated length of trial.**

The parties estimate the need of a five day trial.

**D.    <u>Settlement</u>**

**1.    Describe settlement discussions to date and whether those discussions remain ongoing.**

Not at this time.

**2.    Whether the parties request a settlement conference.**

Not at this time.

**E.    <u>Magistrate Judge</u>**

**1.    Whether the parties consent to proceed before a magistrate judge for all**

**purposes.**

The parties do not consent to proceed before a the magistrate judge for all purposes.

**2.      Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.**

None.

Dated this 10th day of March, 2016.

                              Respectfully submitted,
AMERICAN CENTER FOR EXCELLENCE
IN SURGICAL ASSISTING INC. ,
By: /s/ Michael J. Davis
One of Their Attorneys
Michael J. Davis
BKN Murray LLP
1500 Eisenhower Ln., St. 800
Lisle, Ill. 60532
630-915-3999
mdavis@bknmurray.com

COMMUNITY COLLEGE DISTRICT 502, COLLEGE OF DUPAGE, DR. THOMAS CAMERON, DR. KAREN M. SOLT, and DR. KATHY CABAI
By:/s/ Margaret M. Fitzsimmons
One of Their Attorneys
Daniel V. Kinsella
Thomas G. Draths
Margaret M. Fitzsimmons
SCHUYLER, ROCHE & CRISHAM, P.C.
180 North Stetson Avenue, Suite 3700
Chicago, Illinois 60601
312-565-2400
312-565-8300 (fax)