UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMERICAN CENTER FOR EXCELLENCE IN SURGICAL ASSISTING, INC. | ) ) ) |
| Plaintiff, | ) ) No. 1:15-cv-07290 |
| v. | ) ) Judge Gary Feinerman ) |
| COMMUNITY COLLEGE DISTRICT 502, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendants, Community College District 502, College of DuPage, Thomas Cameron, Karen M. Solt, and Kathy Cabai, respectfully move this Court to enter summary judgment in their favor on Counts I, III, and IV. In support of their motion, Defendants state as follows:

1. On August 19, 2015, Plaintiff American Center for Excellence in Surgical Assisting, Inc. ("ACE") filed its complaint against Defendants in this action. (Dkt. 1) That complaint initially alleged six claims. This Court dismissed Counts II, V, and VI on June 7, 2016. (Dkt. 40) Count I (Breach of Contract), Count III (Fraud), and Count IV (Misappropriation of Trade Secrets) remain pending. Discovery is complete.

2. Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The undisputed material facts show Defendants are entitled to judgment as a matter of law on all three remaining claims, for at least the following reasons.

3.     **Count I: Breach of Contract**.  Count I is pled against Defendant College of DuPage (the "College") only.  ACE claims that the College entered into a consortium agreement for the provision of a new surgical assisting program at the College with ACE on December 9, 2013, and that the College subsequently breached that contract.  Summary judgment should be granted in the College's favor on Count I because the undisputed facts show that the College and ACE did not enter into a contract on December 9, 2013 (or at any time, for that matter).  The College never signed a proposed consortium agreement, and the parties never reached an agreement on the material terms of the contract (*e.g.*, pricing and the identity of instructors).  Moreover, because the College is a unit of local government, contracts are not enforceable unless they are approved via the statutory methods of approval.  Here, the consortium agreement was not reviewed or approved by the College's Board of Trustees ("Board"), as is legally required, and none of the Individual Defendants had authority to bind the College.  Accordingly, no valid contract exists, and the College is entitled to summary judgment on Count I.

4.     **Count III: Fraud.**  Count III is pled against all Defendants.  Summary judgment should be granted on Count III for at least three reasons.  ***First***, the Illinois Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/1-101, *et seq*. ("Tort Immunity Act") shields the College from liability for any misrepresentations of its employees.  Thus, to the extent any misrepresentations were made (and they were not), the College cannot be held liable.  ***Second,*** any reliance by ACE on statements of College employees is *per se* unreasonable.  Those doing business with government entities are presumed to know that there are statutory limitations on government employees' authority to bind the government entity, and they should proceed accordingly.  *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 331 (7th Cir. 2009); *D.S.A Fin. Corp. v. Cty. of Cook*, 801 N.E.2d 1075, 1081 (Ill. App. Ct. 2003)).  As Cabai, Solt, and

Cameron did not have authority to accept the consortium agreement on behalf of the College, any reliance by ACE on their statements was not reasonable. ***Third,*** the undisputed evidence demonstrates that Cabai, Solt, and Cameron did not make any misrepresentations to ACE.

5. **Count IV: Misappropriation of Trade Secrets.** Count IV is pled against all Defendants. Summary judgment should be granted in Defendants' favor on Count IV for at least the following reasons. ***First***, the undisputed material facts show that ACE failed to take reasonable steps to protect its claimed trade secrets. Indeed, ACE filed some of its claimed trade secrets as exhibits to its complaint, and it failed to designate any materials as confidential in discovery. ***Second***, ACE's claimed trade secrets are not trade secrets because they consist of information that is generally known in the industry. ***Third***, with respect to Defendants Cameron and Solt, the undisputed material facts show that they did not misappropriate any of ACE's claimed trade secrets.

6. Defendants are concurrently filing a statement of undisputed material facts with supporting exhibits pursuant to Local Rule 56.1 and a memorandum of law in support of this motion for summary judgment, which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that this Court: (1) grant Defendants summary judgments on Counts I, III, and IV; (2) enter a final and appealable judgment; and (3) grant Defendants any other relief the Court deems necessary and proper.

Dated: August 31, 2017 Respectfully submitted,

/s/ *Emily A. Shupe*
Timothy D. Elliott
Emily A. Shupe
Michael P. Adams
RATHJE & WOODWARD LLC
300 East Roosevelt Road, Suite 300
Wheaton, IL 60187
P: 630-668-8500
F: 630-668-9218
telliott@rathjewoodward.com
eshupe@rathjewoodward.com
madams@rathjewoodward.com

*Counsel for Defendants*

4

## **CERTIFICATE OF SERVICE**

On August 31, 2017, I, Emily A. Shupe, an attorney, certify that I served a true and correct copy of the foregoing Defendants' Motion for Summary Judgment and all documents referenced therein on all counsel of record via the Court's ECF System:

*s/Emily A. Shupe*
Emily A. Shupe