# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AMERICAN CENTER FOR EXCELLENCE IN SURGICAL ASSISTING, INC. ) ) ) Plaintiff, ) ) v. ) ) COMMUNITY COLLEGE DISTRICT 502, ) *et al.*, ) Defendants. ) | No. 1:15-cv-07290 Judge Gary Feinerman |

## **DEFENDANTS MOTION FOR LEAVE TO FILE CERTAIN EXHIBITS UNDER SEAL**

Defendants Community College District No. 502, Thomas Cameron, Karen Solt, and Kathy Cabai (collectively, "Defendants") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules 5.8 and 26.2 moves this Court for an order permitting them to file certain exhibits to their Statement Of Undisputed Material Facts (collectively the "Exhibits") under seal. In support of his motion, Defendants state as follows:

1. Defendants this motion in accordance with Paragraph 8 of the Agreed Protective Order (the "Protective Order"). (Dkt. 55-1)

2. With respect to Exhibits 25 and 26, Defendants request leave to file those exhibits under seal because they include information designated as "CONFIDENTIAL" in accordance with the Protective Order. Filing certain of the contents of those exhibits as part of the public record may disclose confidential and private information to the public.

3. With respect to Exhibits 4 and 17, Defendants request leave to file those exhibits under seal out of an abundance of caution. Those documents were produced in discovery by Plaintiff without any confidentiality designation whatsoever. However, two representatives of ACE testified at their depositions that Exhibits 4 and 17 constitute ACE's claimed trade secrets in

this case. Defendants dispute that those documents constitute trade secrets, and contend that if Plaintiff believed they were trade secrets that Plaintiffs wished to maintain as confidential, Plaintiff should have designated them accordingly under the Protective Order. Nonetheless, Defendants are hesitant to file those documents in the public record given Plaintiff's position with respect to them at the depositions. Accordingly, Defendants request either: (1) leave to file those documents under seal; or (2) an order from the Court expressly permitting Defendants to file those documents in the public record.

      4.      With respect to Exhibit 30 (an affidavit from Defendants' expert), Defendant seek leave to file that document under seal because it contains a comparison analysis of the ACE curriculum and the College's curriculum and draws conclusions based on materials that Plaintiff claims as its trade secrets. While Plaintiff never designated the materials that form the basis for that analysis as confidential in discovery, Defendants are similarly hesitant to file the expert affidavit in the public record given Plaintiff's position. Accordingly, Defendants request either: (1) leave to file the affidavit under seal; or (2) an order from the Court expressly permitting Defendants to file the affidavit in the public record.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court enter an order: (1) allowing Defendants to file Exhibits 25 and 26 to their Statement of Undisputed Material Facts under seal *instanter*; and (2) allowing Defendants to file Exhibits 4, 17 and 30 to their Statement of Undisputed Material Facts under seal *instanter*, or, in the alternative, expressly allowing Defendants to file those exhibits in the public record.

Dated: August 31, 2017 Respectfully submitted,

s/ Emily A. Shupe
Emily A. Shupe (ARDC# 6237023)
Timothy D. Elliott (ARDC #6237023)
Michael P. Adams (ARDC #6317046)
Rathje & Woodward LLC
300 E. Roosevelt Rd., Ste. 300
Wheaton, IL 60187
Ph: (630) 668-8500
eshupe@rathjewoodward.com
telliott@rathjewoodward.com
madams@rathjewoodward.com